U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 3 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALI AHMED (A200875824),<br>Petitioner | CIVIL ACTION NO. 1:16-CV-682;<br>SECTION "P" |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Ali Ahmed. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Facility in Jena, Louisiana. Petitioner alleges that his detention is unconstitutional.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Background

Petitioner is a native and citizen of Pakistan. He alleges that he has been in the custody of ICE since March 9, 2015. (Doc. 1, p. 5). Petitioner was ordered removed by an immigration judge on November 10, 2015. (Doc. 1, p. 5). Petitioner alleges that he has remained in ICE custody beyond the presumptively reasonable 6-month post-removal order period set forth in Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

## Law and Analysis

The Attorney General has ninety days to effect an alien's departure from the United States once the "removal period" is triggered. See 8 U.S.C. § 1231; Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006), cert. denied, 549 U.S. 1132 (2007). Aliens may be detained during this ninety-day removal period. 8 U.S.C. § 1231(a)(2). An alien may also be detained past this ninety-day period under certain circumstances. For example, if an alien fails or refuses to cooperate with ICE in obtaining a travel document to effect his removal, or takes other actions to prevent his removal, the removal period is suspended or tolled, and his continued detention is authorized. 8 U.S.C. § 1231(a)(1)(C); see Balogun v. INS, 9 F.3d 347, 351 (5th Cir. 1993). After the removal period expires, an alien may be released under conditions prescribed by the Attorney General. 8 U.S.C. § 1231(a)(3). However, aliens slated for removal who pose a risk to the community or are unlikely to comply with the removal order may be detained beyond the removal period for a time necessary to bring about their removal from the United States under 8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that the Constitution demands that post-removal detention under 8 U.S.C. § 1231(a)(6) must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. After six months, an alien may seek his release from custody by demonstrating a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. See id. at 701. The alien bears the burden of proof in showing that no such likelihood of removal

exists. Id. Once this burden has been met, the government "must respond with evidence sufficient to rebut that showing." Id. Not every alien in custody will be entitled to automatic release after the expiration of the six-month period under Zadvydas. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Petitioner cannot show that his removal is not reasonably foreseeable. In fact, Petitioner provides that travel documents were issued by Pakistan in or around January 2016. (Doc. 1, p. 16). Petitioner was scheduled for removal on April 12, 2016. However, the flight was cancelled because Pakistan did not issue visas for the officers that were escorting Petitioner. (Doc. 1, p. 12, 16). As of April 27, 2016, Petitioner's flight was being rescheduled. (Doc. 1, p. 16). Because travel documents have been issued once before, there is no reason to believe new travel documents will not be issued. Petitioner has provided no facts indicating that there is no significant likelihood of his removal in the reasonably foreseeable future.

For the foregoing reasons, Petitioner's § 2241 petition should be DENIED and DISMISSED.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being

3

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 22nd day of June, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge